VERNELL HONEYCUTT FOSTER *v*. STATE OF INDIANA.

[No. 772S101. Filed December 18, 1973.]

*Frederick F. McClellan*, of Muncie, for appellant.

*Theodore L. Sendak*, Attorney General, *Mark Peden*, Deputy Attorney General, for appellee.

GIVAN, J.*—The appellant was charged by indictment for first degree murder. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to imprisonment at the Indiana State Prison during life.

The record in this case shows the following:

In the early morning hours of July 7, 1971, the Red Bird gas station in Muncie, Indiana, was robbed and the attendant shot. As a result of his wounds, the attendant, Bruce Schliesser, died within a few hours.

Following his arrest, the appellant made a confession in which he admitted robbing the Red Bird station and shooting the attendant.

Appellant's sole argument in this appeal is that the court erred in admitting his confession into evidence over his objection. It is appellant's contention that he was not clearly advised that he could have an attorney present during interrogation. He also claims the police officers did not make it clear to him if he could not afford to hire an attorney that an

---

* This case was assigned to the writer on June 27, 1973.

attorney would be provided at county expense, and that he need not answer questions before the appointment of such an attorney. Appellant claims that the record in this case reveals that he expected an attorney to be appointed for him. That although the police officers gave him a telephone book and made a telephone available to him in the event he chose to call an attorney, that he did not understand that an attorney would be furnished at no expense to him.

We cannot agree with appellant's observations and the conclusions he draws from the record presented to us.

Appellant was arrested at 2:00 P.M. on July 8, 1971. At about 6:30 P.M., prior to any questioning concerning the robbery or the shooting of the station attendant, the appellant was read the following statement by the police:

> "Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say, can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you before any questioning, if you wish. If you decide to answer questions now, without a lawyer present, you will still have the right to stop answering any time. You also have the right to stop answering any time, until you talk to a lawyer."

In addition to the above statement, the prosecuting attorney instructed the appellant as to his rights and specifically asked him if he wanted an attorney, to which the appellant replied that he did not.

After such advice was given to the appellant, he was questioned concerning the robbery and shooting until approximately 11:00 P.M., when he was placed under arrest for murder. During this period of time there were several breaks. At each break appellant was again informed of his rights and asked if he wanted an attorney present during the remainder of the questioning. Each time he answered in the negative. After giving his oral statement and before making his written confession, appellant was again told that he could

call a lawyer, but he stated that he did not want to do so. At no time during this period did appellant ever ask for an attorney.

It is clear from the record in this case that appellant was not denied his right to counsel during interrogation. There is evidence in this record from which the trial court could reasonably find that the appellant knowingly and freely waived his right to remain silent and his right to be represented by counsel prior to any interrogation. We, therefore, hold that the trial court did not err in permitting appellant's confession to be introduced in evidence.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 304 N. E. 2d 534.